## Samuel Russell v. The Spring City Glass Works, Limited, Appellant.

*Evidence—Written agreement—Modification thereof by oral agreement.*

A written agreement may be modified or set aside by parol evidence of an oral promise or undertaking, material to the subject-matter of the contract, made by one of the parties at the time of the writing, which induced the other party to put his name to it; but where the parties met, discussed the contract and separated, with instructions to plaintiff to write out the agreement subsequently made, and both parties signed the agreement thus prepared without objection, no evidence of what was said at the first.

meeting will be admitted. It is not error for the court to exclude from the consideration of the jury negotiations which the parties themselves excluded from the contract.

Argued Nov. 16, 1897. Appeal, No. 49, Oct. T., 1897, by defendant, from judgment of C. P. Chester Co., April T., 1896, No. 18, on·verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover $750 salary due under a written contract. Before WADDELL, P. J.

.The plaintiff claimed a balance due from the defendant as salary under a written contract. The defense was based on certain parol evidence tending to vary the terms of the written contract which the defendant alleged to have been the inducement or moving cause for signing said written contract.

The court below excluded the offer of the parol evidence from the consideration of the jury and, on motion, a new trial was refused in an opinion by WADDELL, P. J., reported in 6 Dist. Rep. 458.

Other facts appear in the opinion of the court.

Verdict and judgment for plaintiff for $830.62. Defendant appealed.

*Errors assigned* were, (1) in the answer by the court to the plaintiff's first point. The point and answer are as follows : " 1. There is nothing in the facts which took place antecedent to the making of the contract in writing or in its procurement· to avoid it or to vary the terms of it. *Answer :* I affirm that point. You will understand from that, as has already been said in your hearing, that we have eliminated from this case all that. took place prior to the signing of this agreement, what was said and done prior to the time the agreement was executed, to wit: July 7th, I think, and you have nothing to say about that. We· have said that that does not effect the solution of this case, and, therefore, counsel have not turned their attention to that in their argument, because we took occasion to say in the early stage of the argument that in our judgment it has nothing to do with this case. Although we admitted it, in our opinion the proofs did not come up, to the requirements of the law, and, therefore, it is to be disregarded by the jury." (2) In answer to plaintiff's second point, which point and answer are as follows :

" 2. If the jury believe that the plaintiff performed his part of the written contract in good faith, and to the best of his ability, he was illegally discharged. *Answer :* I have already said that to you in substance and I affirm that point." (3) In answer to plaintiff's third point, which point and answer are as follows : " 3. Unless there was fraud, or bad faith, or gross inattention on the part of the plaintiff in his performance of the written contract, he was illegally discharged. *Answer :* I affirm that point. I have already virtually so said in my charge to you." (4) In answer to defendant's fourth point, which point and answer are as follows : " 4. If the jury find that the contract in suit was executed by the defendants on the promise and agreement of the plaintiff that at the time of the execution of the paper he had a flint glass business that netted him $600 profit, which profit the defendant would receive, that he had an established business as a glass dealer amounting to from $40,000 to $60,000 a year, the benefit of which the defendants would have and that he could sell the entire product of the defendant's factory, and if they further find that without these representations the contract would not have been made, then the plaintiff cannot recover if these promises and agreements have not been fulfilled by him. *Answer :* I disaffirm that proposition, gentlemen. I refuse to submit to you those considerations that are involved in this point. If the point had said that these representations were false, then I might have affirmed it. But there would be no proof, in my judgment, in the case which would justify you in concluding that they were untrue. So I refuse the point and submit the case to you under the suggestions which I have already made."

*J. Frank E. Hause,* for appellant.—The court below erred in not submitting to the jury the question of fact involved in defendant's point: Phillips v. Meily, 106 Pa. 536 ; Ferguson v. Rafferty, 128 Pa. 337 ; Clinch Valley Co. v. Willing, 180 Pa. 165.

Are the falsity of the representations and the fraudulent intent of the party making them, material inquiries ? Renshaw v. Gans, 7 Pa. 117 ; Rearich v. Swinehart, 11 Pa. 233 ; Lippincott v. Whitman, 83 Pa. 244 ; Hoopes v. Beale, 90 Pa. 82 ; Thomas v. Loose, 114 Pa. 35 ; Greenawalt v. Kohne, 85 Pa. 369.

The testimony offered by the defendant met the measure of proof required in causes of this character: Thomas v. Loose, 114 Pa. 35; Ferguson v. Rafferty, 128 Pa. 337; Smith v. Harvey, 4 Pa. Superior Ct. 377.

In order that parol stipulations may be introduced in cases of this character, it is only necessary to show that such stipulations continued from the time they were made up to the time of the actual execution of the contract: McGinity v. McGinity, 63 Pa. 45.

*R. T. Cornwell* and *Herbert A. Drake*, for appellee.

OPINION BY SMITH, J., December 13, 1897:

The defendants, who were doing business as copartners, under the name of The Spring City Glass Works, Limited, made a written contract with the plaintiff by which they engaged him as salesman for the term of three years from July 15, 1893, at $1,800 per year and expenses. The plaintiff entered upon his duties under the contract and continued to perform them until December 1, 1894, when he was discharged by the defendants. In May, 1895, he found other employment. He subsequently brought this suit for wages for the interval between December 1, 1894, and May, 1, 1895, under the agreement, and recovered a judgment for the amount of his claim.

At the trial, the defendants, to justify their discharge of the plaintiff, alleged that he was negligent in the performance of his duties. On this subject testimony was introduced by both parties. This question was submitted to the jury who, by their verdict, exonerated the plaintiff from the charge. The principal ground of complaint here, however, is that the court below erred in withdrawing from the consideration of the jury the testimony as to what took place prior to the execution of the agreement, which, the appellants argue, induced them to sign the contract. It is alleged that at a meeting between the directors of the defendant company and the plaintiff, a few days before the writing was executed, he stated that he had a flint glass trade from which he derived an annual profit of $600; that he sold, as a glass broker or jobber, from $40,000 to $60,000 worth of glass annually, and that all of this together with his Philadelphia office would be turned over to the advantage of the de-

fendants, if he engaged with them. But when they asked him to guarantee that he would make a certain amount of sales for them—that he would sell the product of their factory—he positively refused to do so; and the written agreement, which he submitted some days afterward, was signed by the defendants without other guaranty or assurance than is contained therein.

The representations of the plaintiff related to his business standing and experience, and may or may not have been true. Nothing was shown on the trial which necessarily disproved them, unless the disappointed expectations of the defendants be accepted as such proof. But the vital point is that they formed no part of the contract made by the parties. This appears by the testimony of the defendants themselves. It may be that the defendants, in making the contract, were influenced by the plaintiff's representations; but there is no evidence of falsehood, fraud or promise by which they were induced to close the bargain. At most the alleged representations by the plaintiff were designed to impress the defendants with a belief in his ability to sell their product; but he declined to bind himself to do this, and the stipulation that he would do so was excluded from the writing. Under these circumstances the learned trial judge was right in ruling that nothing was shown which would justify the jury in modifying the written contract; and that all the preliminary negotiations were presumed to be merged in the written agreement. We are now asked to say, substantially, that the court below erred in excluding from the consideration of the jury that which the parties themselves excluded from their contract.

The appellant's argument is based on the assumption that there was a contemporaneous parol agreement on the faith of which the writing was executed and without which it would not have been signed, and authorities are cited for the proposition that "where there has been an attempt to make a fraudulent use of the instrument in violation of a promise or agreement made at the time the instrument was signed and without which it would not have been executed," this may be shown by parol, even if by doing so the whole contract will be set aside. This is a correct statement of the law. But the difficulty with the appellant's case is that it fails to show any contemporaneous agreement, or any agreement, other than that embodied in the

writing; and therefore there was nothing to which this proposition could apply. There was here no use of the instrument, or any attempt to use it, for any other purpose than the one for which it was intended, or in violation of any condition or representation upon which it was procured. The representations referred to did not constitute an agreement, promise or condition of any kind, and were, therefore, properly excluded.

What has been said sufficiently covers the matters complained of in the first and fourth specifications. The second and third specifications were not pressed at the argument; they were properly abandoned.

The judgment is affirmed.